267 P.2d 1074

**F. M. SKINNER, appellant, v. GRAHAM CANAL CO., a corporation, Guy Anderson, J. David Lee and Vance Marshall, appellees.**

No. 5682.

Supreme Court of Arizona.

March 22, 1954.

For original opinion, see 266 P.2d 392.

Chester J. Peterson, Safford, and Knapp, Boyle, Bilby & Thompson, Tucson, for appellant.

Anderson & Smith, Safford, and Jennings, Strouss, Salmon & Trask, Phoenix, for appellees.

WINDES, Justice.

Appellant has filed what he designates a petition for rehearing for clarification and represents that the parties are in disagreement as to the proper interpretation to be placed upon a portion of the opinion heretofore rendered. For the original opinion see Ariz., 266 P.2d 392, 396.

It is suggested that counsel are confused as to the proper interpretation of the following portion of the opinion:

"As we construe the contract, it contemplates delivery to Oregon users after depletion by transmission loss a stream of equal size as that delivered to Graham users before depletion but for a one minute less length of time. Only by this method can the one-minute period be given the effect intended, that is, to compensate only for the transmission loss."

While we feel there should be no difficulty in understanding what is meant by the foregoing statement, in the hope of clarifying the matter in the minds of counsel, we say that the contract provides that the *lands* of both Graham and Oregon are to receive the same amount of water per acre with the exception that Oregon is charged with the loss of water caused by the length of the canal. This means all transmission loss of every kind or character, whether from seepage, evaporation or time consumed in transmission, shall be borne by Oregon lands. The one-minute less time of run was to measure this aggregate loss.

In response to appellant's request for clarification, appellees suggest that this method of distribution is not meant to be applicable in times of scarcity. There is nothing in the opinion to justify such a

view. The contract was intended to be applicable to all conditions.

The original opinion as herein clarified is adhered to.

PHELPS, C. J., and STANFORD, LA PRADE, and UDALL, JJ., concur.